

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>ERNESTO VILLALON, Jr., et al.,<br><br>    Defendants. | No. CV 13-1212-UA (Duty)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

    On February 20, 2013, defendant Ernesto Villalon, Jr. ("defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis.

    Defendant's notice of removal of this state court unlawful detainer action is insufficient to overcome the "strong presumption against removal jurisdiction" and to meet the removing party's burden of "establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted); see 28 U.S.C. § 1441; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). First, plaintiff's unlawful detainer action does not raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). While defendant states that

the instant action is removable because "[t]he complaint presents federal questions," no federal question appears on the face of plaintiff's complaint, and thus plaintiff could not have brought this action in federal court in the first place. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 592-93, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ("the sole issue is whether a federal question appears on the face of the plaintiff's well-pleaded complaint") (internal citation omitted). Moreover, to the extent that defendant asserts a federal defense, a case may not be removed to federal court on the basis of a federal defense or a federal counter-claim. See 28 U.S.C. §§ 1331, 1441(c); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-832, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002); Hunter, 582 F.3d at 1042.

Moreover, neither has defendant alleged or shown that complete diversity of citizenship exists between the parties (see 28 U.S.C. § 1332(a)(1)-(4)), and he cannot satisfy the requirement that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). "[W]hen the state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty" that the jurisdictional amount is met. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)). The unlawful detainer complaint, which was filed on November 21, 2012, states that the amount demanded "does not exceed $10,000.00," and demands damages at the rate of $100.00 per day from November 8, 2012, for each day that defendants remain in possession through entry of judgment. Accordingly, defendant has not met his burden to prove to a "legal certainty" that the jurisdictional amount is in excess of $75,000. See 28 U.S.C. §§ 1332, 1441(b); Guglielmino, 506 F.3d at 699-701.

As defendant does not competently allege facts supplying either federal question or diversity jurisdiction, the Court lacks subject matter jurisdiction over the instant action. See 28 U.S.C. § 1441(a); Exxon Mobil Corp., 545 U.S. at 563. Removal of this action is therefore improper. See 28 U.S.C. § 1441(a); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious

1  conduct that the Court will address by way of punitive remedial measures, which may include
2  having defendant designated as a vexatious litigant and barred from commencing any further
3  removal actions with respect to the underlying state unlawful detainer action.
4      Accordingly, **IT IS ORDERED** that this matter be **remanded** to the Superior Court of
5  California, Los Angeles County, Pomona North Courthouse, 350 W. Mission Blvd., Pomona, CA
6  91766, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). **IT IS FURTHER**
7  **ORDERED** that the Clerk of the Court send a certified copy of this Order to the state court and
8  serve copies of this Order on all parties or their counsel.

DATED: 3-1-13

*Acting* HONORABLE GEORGE H. KING
*Acting* CHIEF UNITED STATES DISTRICT JUDGE